## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### EASTERN DIVISION

**TORRENCE RAY BANKS**                                                    **PETITIONER**
**Reg. #76648-011**

**VS.**              **CASE NO. 2:10CV00060 JMM/BD**

**T.C. OUTLAW, Warden,**
**Federal Correctional Complex,**
**Forrest City, Arkansas**                                              **RESPONDENT**

### RECOMMENDED DISPOSITION

**I**.      **Procedure for Filing Objections:**

The following Recommended Disposition has been sent to United States District

Judge James M. Moody.  Any party may file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the

objection.  If the objection is to a factual finding, specifically identify that finding and the

evidence that supports your objection.  An original and one copy of your objections must

be received in the office of the United States District Court Clerk no later than fourteen

(14) days from the date of this Recommended Disposition.  A copy will be furnished to

the opposing party.   Failure to file timely objections may result in waiver of the right to

appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

II.   **Introduction**:

      Torrence Ray Banks, an inmate in the Bureau of Prisons ("BOP"), brings this 28 U.S.C. § 2241 petition for writ of habeas corpus (docket entry #2) challenging the execution of his federal sentence.  Respondent filed a response (#14), and Petitioner filed a reply (#18).  Petitioner has also filed a motion for judgment (#19) asking the Court to grant the relief requested in his petition.

      For the following reasons, the Court recommends that the District Court DISMISS the petition, with prejudice, and DENY the motion for judgment (#19).

III.   **Background**:

      On March 22, 1985, the United States District Court for the Northern District of California sentenced Petitioner to a fifteen-year term of imprisonment, with a five-year special parole term, for possession with intent to distribute heroin.  (#14, Ex. 1)  Both parties agree that on January 25, 1994, Petitioner waived parole for this sentence.  (#14, Ex. 2; and #18)  On December 9, 1994, the BOP released Petitioner to supervision, as if on parole.[1]  (#14, Ex. 3)

      On July 12, 1995, the United States Parole Commission ("Commission") revoked Petitioner's release.  (#14, Ex. 4)  Petitioner was paroled again on November 28, 1995.  (#14, Ex. 5)

---

[1] This was a mandatory release based on statutory good-time credit.  At the time, Petitioner's supervision was set to expire on January 8, 1999.  After this period, Petitioner's separate five-year special parole term was to commence.

On June 25, 1996, the Commission again revoked Petitioner's release.  (#14, Ex. 6)  He was released again on July 10, 1997, for supervision until July 12, 1999.[2]  (#14, Ex. 7)  Prior to the expiration of this supervision, Petitioner committed another drug offense.  On July 15, 1998, the United States District Court for the Northern District of California sentenced Petitioner to 168 months' imprisonment with five years of supervised release for the new offense.  (#14, Ex. 8)

On August 13, 1998, the Commission issued a parole-violator warrant for Petitioner based on his July 15, 1998 conviction.  (#14, Ex. 9-11)  The BOP treated the warrant as a detainer.  (#14, Ex. 12-13)  The Commission sent Petitioner an application for dispositional review, which Petitioner declined to submit.  (#14, Ex. 14)  Instead of submitting the application, Petitioner sent the Commission a letter dated March 31, 1999, requesting that his parole violation term run concurrent with his new sentence.

On June 4, 1999, the Commission decided that the detainer would remain in place.  (#14, Ex. 15-16)  The Commission notified Petitioner of its decision on June 9, 1999.  (#14, Ex. 17)

Petitioner asserts that the Commission lodged a detainer on October 10, 2003, but that it has not taken any action regarding the detainer since that time.  (#3, p. 1-2)  It is not

---

[2] Petitioner and Respondent initially provided several contrasting release and revocation dates in the petition (#2) and response (#14).  The dates provided in Petitioner's reply (#18), however, match the dates provided by Respondent and evidenced by the Commission's records.

clear whether Petitioner is mistakenly referring to the 1998 parole violator warrant.

Beyond Petitioner's assertion, there is no evidence in the record regarding a separate 2003

warrant or detainer.

As grounds for relief, Petitioner alleges that the Commission: (1) issued a parole

violator warrant in violation of the Fourth Amendment; (2) failed to timely consider him

for parole; and (3) violated his Due Process rights by failing to act in conformity with 18

U.S.C. § 4214(b)(1).

IV.     **Discussion**:

A.      *Issuance of Parole Violator Warrant*

Petitioner alleges that the Commission issued a parole-violator warrant against him

in violation of his Fourth Amendment rights.  (#2, p. 4)  Specifically, he argues that the

Fourth Amendment requires that a parole-violator warrant be based on probable cause,

supported by oath or affirmation.  (#2, p. 7-8)

The Fourth Amendment to the United States Constitution protects citizens from

unreasonable searches or seizures, absent probable cause.  In this case, the parole-violator

warrant has not resulted in the search or seizure of Petitioner.  He is now, and has been

since the issuance of the warrant, incarcerated by the BOP as the result of a separate

conviction.  Issuance of the warrant did no more than express the Commission's intent to

defer consideration of parole revocation to a later time.  *Campillo v. Sullivan*, 853 F.2d

593, 595 n.2 (8th Cir. 1988).  Petitioner will not suffer loss of liberty as a result of the

warrant until he is taken into custody under the warrant. *Moody v. Daggett*, 429 U.S. 78, 87, 97 S.Ct. 274, 279 (1976).

Without a search or seizure, there cannot be a Fourth Amendment violation. When Petitioner is taken into custody under the parole violator warrant, he will have an opportunity to contest his parole revocation. 18 U.S.C. § 4214 (1984) (repeal effective Nov. 1, 1987, except as to an individual who committed an offense before Nov. 1, 1987). Petitioner has failed to show how issuance of the warrant, in the absence of the execution of the warrant, violated the Constitution or federal law. Accordingly, this claim should be dismissed.

Even if Petitioner had suffered a deprivation giving rise to a Fourth Amendment claim, he would not be entitled to relief. Under 18 U.S.C. § 4214(b)(1), conviction for a criminal offense subsequent to release on parole constitutes probable cause for issuance of a parole-violator warrant. After committing a federal drug offense while on parole, Petitioner cannot seriously argue that the Commission lacked probable cause to issue a parole-violator warrant. Furthermore, probable cause in the criminal-law sense is not required for issuance of an administrative warrant.[3] *United States v. Lucas*, 499 F.3d 769, 777 (8th Cir. 2007).

It appears that Petitioner's main point of contention with the parole-violator warrant is that it was not sworn to by oath or affirmation. Thus, Petitioner argues, the

---

[3] Petitioner concedes that the Commission's parole-violator warrant is an administrative warrant. (#2, p. 4)

5

Commission issued the parole-violator warrant in violation of the Warrant Clause of the Fourth Amendment.  (#2, p. 7-8)  The Fourth Amendment, however, does not require that an administrative parole violator warrant be supported by oath or affirmation.  *Sherman v. United States Parole Commission*, 502 F.3d 869, 884 (9th Cir. 2007).  Accordingly, Petitioner's claim would fail, in any event.

        B.    *Parole Consideration*

In his second claim, Petitioner alleges that the Commission violated his right to Due Process by delaying consideration of parole for more than ten years.  (#2, p. 4)  This point is not well taken.

The Commission paroled Petitioner three times during his fifteen-year prison sentence that began in 1985.  The Commission paroled Petitioner in 1994; then after revocation, paroled Petitioner again in 1995.  After another revocation in 1996, the Commission paroled Petitioner a third time in 1997, with supervision until July 12, 1999. Petitioner could have fully completed his 1985 sentence had he not been convicted for committing another drug offense in 1998.

If Petitioner is arguing that the Commission should have considered him for parole since his 1998 conviction, he is mistaken.  Since 1998, Petitioner has been serving time on his separate, 1998 drug conviction.  He is not eligible for parole under this sentence, as the Parole Commission and Reorganization Act, repealed by the Sentencing Reform Act of 1984, remains in effect only for offenses committed prior to November 1, 1987.

Instead of parole, Petitioner will be released under supervision or detained under the parole-violator warrant.  Once in custody for violation of his terms of parole on the 1985 sentence, Petitioner will once again be eligible for parole.  Petitioner is not, however, eligible for parole consideration for his 1998 sentence.

Accordingly, the Commission has not violated Petitioner's Due Process rights by delaying consideration of parole until Petitioner is in custody under the parole-eligible sentence.  See *Moody*, 429 U.S. at 87, 97 S.Ct. at 279 (finding that the loss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant).

C.      *Title 18 U.S.C. § 4214(b)(1)*

In his final claim, Petitioner alleges that the Commission violated his Due Process rights by failing to act in conformity with 18 U.S.C. § 4214(b)(1).  Although it is not entirely clear, Petitioner appears to argue that the Commission delayed his dispositional review for eleven years, thereby prejudicing his ability to present mitigating circumstances or participate in community-based programs.  (#2, p. 10)

Under 18 U.S.C. § 4214(b)(1), the Commission must review a parole-violator warrant placed as a detainer within one-hundred-eighty days of notice to the Commission of placement.  The Commission's failure to act timely does not entitle Petitioner to habeas relief absent a showing that the Commission's delay was both unreasonable and prejudicial.  *Donn v. Baer*, 828 F.2d 487, 490 (8th Cir. 1987).

Respondent concedes that the Commission delayed completion of Petitioner's dispositional review.  (#14, p. 6-7)  The delay, however, was three or four months, not eleven years, as alleged by Petitioner.

The Commission issued the parole violator warrant on August 13, 1998.  (#14, Ex. 9-11)  The institution housing Petitioner notified the Commission on August 16, 1998, that the warrant would be treated as a detainer.[4]  (#14, Ex. 12)

On March 5, 1999, the Commission sent Petitioner an application for dispositional review, which Petitioner declined to submit.  (#14, Ex. 13-14)  Instead, Petitioner sent the Commission a letter dated March 31, 1999, requesting that his parole violation term run concurrent with his new sentence.  (#14, Ex. 14)

On June 4, 1999, the Commission decided that the detainer would remain in place (#14, Ex. 15-16) and notified Petitioner of its decision on June 9, 1999.  (#14, Ex. 17) From August 16, 1998, to June 9, 1999, 297 days elapsed.  Considering the receipt dates in a light most favorable to Petitioner, the Commission took approximately 117 days longer than the statutory 180 days in which to complete Petitioner's dispositional review.

Petitioner has not made any argument that this delay was unreasonable, as required for habeas corpus relief.  See *Donn*, 828 F.2d at 490 (Petitioner must show that the Commission's delay was both unreasonable and prejudicial).  In addition, Petitioner's

---

[4] The notice is dated August 16, 1998, but stamped "received" September 21, 1998.  (#14, Ex. 12)

assertion that the delay prevented him from presenting mitigating evidence is not accurate.  The application for dispositional review, which Petitioner declined to submit, provided Petitioner with the opportunity to submit any information he wanted the Commission to consider.  (#14, Ex. 14)  He even had the opportunity for a court-appointed attorney to assist in completion of the application, which he declined.

It is unclear why Petitioner failed to present allegedly mitigating factors in the letter he wrote to the Commission.  It is clear, however, that Petitioner – not the Commission – waited more than ten years to raise this issue.

Petitioner may be arguing that the delay in holding a revocation hearing has resulted in an inability to present mitigating circumstances to the Commission when his revocation hearing occurs and that, since issuance of the warrant, he has been restricted from participating in community-based programs.  If true, this would be unfortunate, but it does not implicate Petitioner's Due Process rights.  Petitioner has "no liberty interest in a prompt revocation hearing when he was never taken into custody on a parole-violator warrant." *Malave v. Hedrick*, 271 F.3d 1139, 1140-1141 (8th Cir. 2001) (citations omitted).  "Significantly, [Petitioner] remains in custody based on his guilty plea to a drug offense, and his assertions of prejudice from the lack of an immediate revocation hearing are insufficient to justify an immediate hearing under the Due Process Clause." *Id*. Without a liberty interest, Petitioner cannot show entitlement to habeas relief based on a Due Process violation.  Accordingly, the District Court should dismiss this claim.

9

V.    **Conclusion**:

The Court finds no merit in any of Petitioner's grounds for habeas corpus relief.

Accordingly, this Court recommends that the District Court DENY and DISMISS

Torrence Ray Banks's Petition for Writ of Habeas Corpus (#2), with prejudice, and

DENY the motion for judgment (#19).

DATED this 29th day of November, 2010.

_____
UNITED STATES MAGISTRATE JUDGE